UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------
KAREN CHASE,

                        Plaintiff,

        -against-

PERSONAL HEALTHCARE LLC *d/b/a*
"YORKTOWN REHAB AND NURSING
CENTER", PERSONAL HEALTHCARE
MANAGEMENT LLC, KEALA DOLFO, "JOHN
DOE" Nos. 1-10, and "ABC CORP." Nos. 1-10, the
names "JOHN DOE" and "ABC CORP." being
fictitious, as the true identity and/or names of said
parties are currently unknown,

                        Defendant.
--------------------------------------------------------------------

Civil Action No.: 7:26-cv-1229

**DEFENDANTS' NOTICE
OF REMOVAL**

Pursuant to 28 U.S.C. §§1331, 1367(a), 1441(a) and 1446 and all applicable Local Civil Rules, Defendants Personal Healthcare LLC, i/s/h/a Yorktown Rehab and Nursing Center (herein, the "Center"), Personal Healthcare Management LLC and Keala Dolfo (collectively, "Defendants"), through undersigned counsel, hereby remove the above-captioned action from the Supreme Court of the State of New York, County of Westchester, Index No. 77569/2025, to the United States District Court for the Southern District of New York.  In support of removal, Defendants state as follows:

## STATEMENT OF THE CASE

1.     This case arises out of the Plaintiff's termination of employment from the Center.

2.     On or about December 19, 2025, Plaintiff commenced an action, via Summons and Complaint, in the Supreme Court of the State of New York, County of Westchester (the Complaint is annexed hereto as Exhibit "A").

3.      Through counsel, Defendants accepted service of the Summons and Complaint on January 27, 2026 (a copy of the email confirmation is annexed hereto as Exhibit "B").

4.      According to the Complaint, Plaintiff is a sixty-five year-old female who commenced her employment with the Center in February 2019.   Ex. A ¶¶5, 7.

5.      Plaintiff alleges, *inter alia*, that the Center and Defendant Dolfo treated her adversely on certain occasions during her employment due to her age, sex, race and/or because of her association with someone who is disabled.   *See* Ex. A ¶¶46, 50, 57, 67-70.   In addition, she claims the Center terminated her employment for pretextual reasons because, in reality, the Center terminated her employment because of her protected classes.   *Id.* ¶¶5-6.

6.      In her Complaint, Plaintiff has asserted claims for discrimination based on race, sex, age and associational disability in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act and the New York State Human Rights Law, and she seeks damages in an amount not less than $250,000.   Ex. A ¶70.

<b><u>FEDERAL QUESTION JURISDICTION</u></b>

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331(a) because Plaintiff has asserted several claims based on federal statutes (*see* ¶6, *supra*).

8.      This Court maintains supplemental jurisdiction over Plaintiff's state law claims under the New York State Human Rights Law pursuant to 28 U.S.C. §1367(a) because, as alleged, such claims relate to the same facts which form the basis for her federal claims.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

9.    Pursuant to 28 U.S.C. §1446(a) and all applicable Local Civil Rules, a true and correct copy of all the process, pleadings, orders and documents from the State Court proceeding which have been served on Defendants are being filed with this Notice of Removal (*see* Ex. A).

10.    Pursuant to 28 U.S.C. §1446(b)(2)(A), the Defendants collectively join in, and consent to, the removal of this action.

11.    This notice of removal has been filed within 30 days of the date Defendants accepted service of the Summons and Complaint.   *See* Ex. B.

12.    Venue is proper in this Court pursuant to 28 U.S.C. §§1441(a) and 1446(a) as the U.S. District Court for the Southern District of New York is the federal district court embracing the Supreme Court of the State of New York, County of Westchester, where this action was originally filed.

Dated: White Plains, New York
          February 13, 2026

TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP

By:    *Gregory Bennett*
          Gregory Bennett, Esq.
          445 Hamilton Avenue, Suite 900
          White Plains, New York 10601
          (914) 347-2600
          *Attorneys for Defendants*

TO:    All Counsel (via email only, gskiff@aystrauss.com)

3